1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11    BRENDA TRAN,                                        Case No. 10cv2210-BTM (NLS)

12                                        Plaintiff,      **ORDER RE MOTION TO AMEND
                                                          COMPLAINT AND TO REMAND**
           v.
13
      NORTHROP GRUMMAN CORP, et al.,
14
                                        Defendants.

15        Plaintiff moves, pursuant to Fed. R. Civ. P. 15, for leave to file a first amended

16   complaint to remove a cause of action containing allegations under Title VII.  Plaintiff also

17   requests that the Court remand this action back to the Superior Court for the County of San

18   Diego.  Defendants did not file an opposition to this motion.

19        Plaintiff originally filed an action in state court, bringing claims for sexual harassment

20   under the FEHA, sexual harassment under Title VII, termination in violation of public policy,

21   and retaliation.  Defendants removed pursuant to 28 U.S.C. § 1441(b) and (c), alleging that

22   Plaintiff's Title VII claim confers federal question jurisdiction upon this Court.

23        Under Rule 15(a), courts are to apply the policy of free amendment of pleadings with

24   extreme liberality.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

25   When determining whether to grant leave to amend, a court should consider the following

26   factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the

27   opposing party.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.

28   2003).

1    All of these factors weigh in favor of granting Plaintiff leave to amend.  This case is

2 in its early stages, as there has been no discovery or substantive motions.  Because the

3 Court has not issued any rulings, Plaintiff cannot be said to be forum shopping.  Finally, with

4 Plaintiff's voluntarily removing a claim, Defendants are presumably benefitted, rather than

5 prejudiced.  Accordingly, the Court **GRANTS** Plaintiff's motion for leave to amend.  The first

6 amended complaint attached to Plaintiff's motion is deemed filed as of the date of the entry

7 of this order.

8    Having dismissed the Title VII claims, the only claims that remain are brought under

9 state law.  The Court declines to exercise supplemental jurisdiction over these claims.  *See*

10 *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("In the usual case in which

11 all federal-law claims are eliminated before trial, the balance of factors to be considered

12 under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity

13 -- will point toward declining to exercise jurisdiction over the remaining state-law claims.").

14 "The state court more frequently handles issues involving state anti-discrimination law" and

15 thus would be in a better position to address state claims.  *Hummel v. Smith*, No.

16 C09-1268RSL, 2010 U.S. Dist. LEXIS 14052, at *3 (W.D. Wash. Jan. 27, 2010).

17 Accordingly, once the first amended complaint is filed, this action is **REMANDED** to the

18 Superior Court of the State of California for the County of San Diego.

19

20 **IT IS SO ORDERED.**

21

22 DATED:  September 16, 2011

23

24    Honorable Barry Ted Moskowitz
   United States District Judge

25

26

27

28

2                                          10cv2210-BTM (NLS)